# OHIO BELL TELEPHONE CO v CORLEY

Ohio Appeals, 9th Dist, Summit Co

No 2213. Decided Jan 20, 1933

Rees & Bailey, Akron, A. J. Koval, and D. W. Alexander, Akron, for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

PER CURIAM

Lelan D. Corley, who will be referred to as plaintiff, as he was in the trial court, brought suit against the Ohio Bell Telephone Co. and recovered a judgment for $25,000 for injuries which he claimed were caused by the negligence of said company.

In view of the plaintiff's injuries, it is not claimed that the verdict is so excessive as to require a reversal on that ground.

Plaintiff was riding as a guest with a Mr. Ayres in the latter's automobile. There was a slight bend or curve in the country highway along which they were traveling in an easterly direction. Said company maintained a telephone line along said highway, the same being on the south side

of said highway, westerly from said bend or curve and on the northerly side east of said bend or curve, the line crossing said highway in a diagonal direction at said bend or curve, the wires being attached on the north side to a pole by the side of the road on the outside and about in the middle of said bend or curve.

The accident happened in the middle of the afternoon and in clear weather; there was some snow on the ground and plaintiff claimed that the telephone wire so strung across said highway was slack and hung so low that the top of said automobile in which he was riding along said highway was caught by said wire, that the automobile was thus deflected into said pole, and that the plaintiff was thereby injured.

That the automobile ran into the pole and that plaintiff was thereby injured, there can be no question; but the company claimed that the wire was not low enough to interfere with an automobile passing along the highway and that the automobile did not hit the wire, and that the automobile was driven around said bend or curve at high speed and in such a reckless and careless manner as to cause it to leave the road and run into said pole.

A very important issue of fact in the case was as to whether the automobile hit the wire and was thereby turned into the pole, and on that question there was much conflicting evidence; the jury, in answer to an interrogatory propounded by the company, found against the company on that issue of fact, and on the record we are unable to find that the jury was manifestly wrong in so finding.

In answer to an interrogatory propounded by the company, the jury answered that Ayres, the driver of the car, was not in an intoxicated condition when plaintiff entered the automobile nor at the time of the accident, and it is claimed that such finding is manifestly against the weight of the evidence.

With this, as with the former question, while some of us might feel that the jury was wrong, we do not find that the jury's answers to said questions are manifestly against the weight of the evidence.

It may be proper to point out that the last question above referred to should not have been submitted to the jury as an interrogatory, for the reason that it did not involve a finding as to an ultimate and controlling fact in the case.

It is apparent from the evidence in the record that, if the jury found that the automobile struck the wire, it was justified in finding, as it did, that the wire had been low enough to interfere with automobile traffic on the highway but a few moments before the accident.

The company claimed that it did not know of such position of the wire and that the wire had not been in that position a sufficient length of time to charge it with notice, and that therefore it was not liable; and that question is properly raised and saved by the record.

The line had been in existence a number of years, and no claim was made that the wire had ever interfered with traffic on the highway until the day of the accident involved in this case; but plaintiff claimed and offered evidence tending to prove that owing to the age and condition of the line, said wire had been for a long time gradually settling lower and nearer to the top of vehicles passing along the highway, and contended that the company's responsibility did not depend upon its knowing or being charged with knowing that the wire was low enough to obstruct the highway or to incommode the public in the use of the same, and that therefore, while the length of time the wire had been so low as to obstruct the highway was an element to be considered by the jury in determining whether the company was negligent, it was not a controlling element.

The trial court took that view and refused to enter a judgment for the company upon the jury's answer to an interrogatory that the wire had been in a position low enough to permit a collision of the automobile in which plaintiff was riding, with said wire, for "probably ten minutes before the accident." We find no error in the court's refusal to enter judgment for the company upon the answer to that interrogatory, nor in the court's refusal to charge on the subject of notice, as requested in the company's request No. 8.

The company had a right to maintain said wire across said highway, but the statute which conferred that right, placed upon the company the duty to so maintain said wire as not to incommode the public in the use of the highway, and at common law it was at least the duty of the company to use ordinary care not to obstruct the highway; as telephone wires strung across a highway do not, in the ordinary course of things, obstruct the highway if proper care is taken in the construction and maintenance of the telephone line, it is natural to infer from the fact that a wire did obstruct the highway in this case that the wire was in that position because of some negligence

or want of care in construction or management of the line, unless the company furnished some other explanation for such position of the wire.

The court in its charge, after defining negligence and telling the jury that the presumption of law was that the company was not negligent, instructed the jury that—

"If you find, by a preponderance of the evidence, that the wires were down, as the plaintiff claims, and that that situation was a proximate cause of plaintiff's injuries, then, in coming to your conclusion as to whether the defendant was negligent, you will consider how long they were down, before the accident. You will also consider whether or not the defendant knew the wires were down, or, in the exercise of ordinary care, should have known they were down. You will also consider what the preponderance of the evidence shows was the condition and situation of the telephone line, including the wires and poles, at and about the place of the accident, before the time of the accident."

Thus the court, having properly refused to direct a verdict, submitted the question of the company's negligence in a manner as favorable to the company as it was entitled to.

We find that request No. 7, given before argument at the request of plaintiff, might well have been refused, but that there was no prejudicial error in giving same.

We find that the criticisms made by counsel for the company of plaintiff's special requests Nos. 11 and 14 are, for the most part, not justified, and that, while we do not fully approve of them, there was no prejudicial error in giving same.

Complaint is made by the company that the attorney for the plaintiff in his opening and closing arguments to the jury was guilty of misconduct.

We have carefully examnied the record in this regard, and while we find that said attorney in a few instances was guilty of overstepping the bounds of proper argument, we also find that his statements were in each instance immediately challenged by opposing counsel, and that the trial judge properly and immediately corrected the matter and told the jury to disregard the same. In any event, no exceptions were taken. We find upon the whole argument that no prejudicial error occurred.

Upon the whole record we do not find any errors which were prejudicial to the complaining party, so we affirm the judgment.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur in judgment.